Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Ralph H. Deal
Kathy J. Deal**
Debtor(s)

Bankruptcy Case No.: 17–70210–JAD
Issued Per Dec. 7, 2017 Proceeding
Chapter: 13
Docket No.: 39 – 12, 34
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated April 10, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.  For the remainder of the Plan term, the periodic Plan payment is amended to be $1,447 as of December 2017. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.  The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.  Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.  Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.  The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.  The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: U.S. Department of Agriculture Rural Housing Service at Claim No. 3 .

☒ H.  Additional Terms: The secured claim of Toyota Motor Credit Corp. at Claim No. 1 shall govern as to claim amount, to be paid at the modified plan terms at $104 per month.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: December 12, 2017

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                             United States Bankruptcy Court
                             Western District of Pennsylvania
In re:                                                                  Case No. 17-70210-JAD
Ralph H. Deal                                                           Chapter 13
Kathy J. Deal
          Debtors                         CERTIFICATE OF NOTICE
District/off: 0315-7         User: jhel              Page 1 of 2              Date Rcvd: Dec 12, 2017
                             Form ID: 149            Total Noticed: 28


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 14, 2017.
db/jdb         +Ralph H. Deal,    Kathy J. Deal,    2925 Somerset Pike,    Johnstown, PA 15905-7000
cr              Rural Housing Customer Service Center Usda,     P O Box 66879,    St. Louis, MO 63166-6879
14382765       +Bby/Cbna,    50 Northwest Point Road,    Elk Grove Village, IL 60007-1032
14382767      ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: Cap One,    Po Box 85520,    Richmond, VA 23285)
14382766       +Cambria Somerset Radiology,    239 Main Street,    Suite 400,    Johnstown, PA 15901-1640
14382768       +Cap1/Boscv,    26525 N Riverwoods Blvd,    Mettawa, IL 60045-3440
14382769       +Cap1/Bstby,    26525 N Riverwoods Blvd,    Mettawa, IL 60045-3440
14382770       +Capital One Bank, N.A.,    P.O. Box 71083,    Charlotte, NC 28272-1083
14382771       +Citi Cards,    P.O. Box 6500,    Sioux Falls, SD 57117-6500
14382772       +Conemaugh Emerg Phys Group,    P.O. Box 644553,    Pittsburgh, PA 15264-4553
14382773       +Conemaugh Memorial Medical Center,    Attn: Patient Accounting,    1086 Franklin Street,
                Johnstown, PA 15905-4305
14382774       +DLP, Conemaugh Phys Group,    1086 Franklin Street,    Johnstown, PA 15905-4305
14382776       +First Credit Resources, Inc.,    1466 Frankstown Road,    Johnstown, PA 15902-1315
14382777       +KML Law Group, P.C.,    Attn: Thomas I. Puleo, Esquire,    701 Market Street - Suite 5000,
                Philadelphia, PA 19106-1541
14382778       +Quality Asset Recovery,    7 Foster Ave Ste 101,    Gibbsboro, NJ 08026-1191
14382779       +Stoneleigh Recovery Assocaites, LLC,    P.O. Box 1479,    Lombard, IL 60148-8479
14382782       +Toyota Motor Credit Co,    240 Gibraltar Rd Ste 260,    Horsham, PA 19044-2387
14409362       +Toyota Motor Credit Corporation,    P.O. Box 9013,    Addison, Texas 75001-9013
14645780        USDA Rural Housing Service,    Customer Service Center,    P O BOX 66879,
                St. Louis, MO 63166-6879
14382783       +Usda Rural Development,    4300 Goodfellow Blvd,    Saint Louis, MO 63120-1703

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14382764       +E-mail/Text: legal@arsnational.com Dec 13 2017 01:17:57      ARS National Services, Inc.,
                P.O. Box 463023,    Escondido, CA 92046-3023
14648497       +E-mail/Text: bnc@bass-associates.com Dec 13 2017 01:17:48      Cavalry SPV I, LLC,
                c/o Bass & Associates, P.C.,    3936 E. Ft. Lowell Rd., Suite 200,    Tucson, AZ 85712-1083
14673226       +E-mail/Text: bankruptcy@cavps.com Dec 13 2017 01:18:29      Cavalry SPV I, LLC,
                500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
14382775       +E-mail/Text: bankruptcynotice@fcbanking.com Dec 13 2017 01:17:50      First Commonwealth Ban,
                601 Philadelphia St,    Indiana, PA 15701-3952
14644097        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 13 2017 01:38:46
                Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
14384275        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 13 2017 01:19:55
                PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14382780       +E-mail/PDF: gecsedi@recoverycorp.com Dec 13 2017 01:20:03      Syncb/Lowes,    Po Box 965005,
                Orlando, FL 32896-5005
14382781       +E-mail/PDF: gecsedi@recoverycorp.com Dec 13 2017 01:19:49      Syncb/Sams Club,    Po Box 965005,
                Orlando, FL 32896-5005
                                                                                              TOTAL: 8

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Toyota Motor Credit Corporation
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 14, 2017                                     Signature:  /s/Joseph Speetjens

```
District/off: 0315-7          User: jhel              Page 2 of 2              Date Rcvd: Dec 12, 2017
                              Form ID: 149            Total Noticed: 28
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 12, 2017 at the address(es) listed below:
            James    Warmbrodt    on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
            Kenneth P. Seitz    on behalf of Joint Debtor Kathy J. Deal thedebterasers@aol.com
            Kenneth P. Seitz    on behalf of Debtor Ralph H. Deal thedebterasers@aol.com
            Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
            Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 5
```